IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2003

**STATE OF TENNESSEE v. GLEN HOLT**

**Appeal from the Criminal Court for Morgan County**
**No. 8773A   E. Eugene Eblen, Judge**

_____

**No. E2003-01100-CCA-R3-CD**
**January 14, 2004**
_____

JOSEPH M. TIPTON, J., concurring and dissenting.

I concur in most of the conclusions and reasoning in the majority opinion, but I dissent from the remand in this case. I believe that the record sufficiently shows that the defendant made a knowing and intelligent waiver of his right to testify. The failure to follow the specific Momon requirements should not disturb the judgment in this case. Counsel told the trial court, in open court with the defendant present, that he had advised the defendant of his rights to testify and not to testify and that he thought the defendant understood those rights. When the record states that the "Defendant indicates affirmatively" in response to the trial court's asking him if he understood his rights and was not going to testify, I have no problem in concluding that the defendant intentionally relinquished his right to testify. Moreover, given the fact that counsel at the motion for new trial hearing indicated that the defendant had consulted with him and had made a decision not to testify further justifies my conclusion. To require a Momon hearing under the circumstances in this case would be putting form above substance. I would affirm the trial court.

_____
JOSEPH M. TIPTON, JUDGE